UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-6255 GW (JEMx) | | Date | September 22, 2011 |
|---|---|---|---|---|
| Title | *Tirso Sanchez, et al. v. Wells Fargo Bank, N.A., et al.* | | | |

| Present: The Honorable | GEORGE H. WU, United States District Judge |
|---|---|

| Javier Gonzalez | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**   (IN CHAMBERS):  **ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**

      On July 28, 2011, defendant Wells Fargo Bank, N.A. ("Wells Fargo") removed this matter, brought by plaintiffs Tirso and Bertilda Sanchez (collectively, "Plaintiffs"), to this Court from Los Angeles County Superior Court, pursuant to 28 U.S.C. § 1441(b).  The Court has a substantial question as to whether it has subject matter jurisdiction over this case (notwithstanding the allegations in Wells Fargo's Notice of Removal).  *See Arbaugh* v. *Y&H Corp.*, 546 U.S. 500, 514 (2006) (indicating that courts must assure themselves of the existence of subject matter jurisdiction before proceeding); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (same).  Now pending for a hearing set for Monday, September 26, 2011, is Wells Fargo's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  For the following reasons, the hearing on that motion is vacated, though it may be re-set in the future depending on the outcome of this Order to Show Cause ("OSC").

      Wells Fargo asserts that this action is removable because of diversity jurisdiction.  While Wells Fargo states that fellow defendant First American LoanStar Trustee Services, LLC ("LoanStar") is a Texas Limited Liability Company, it does not, as it must, allege the citizenship of the <u>members</u> of LoanStar.  *See* Notice of Removal ¶ 3(B)(ii); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Instead, Wells Fargo claims that the citizenship of LoanStar is irrelevant to the diversity inquiry because it filed a declaration of nonmonetary status (Exhibit B to Notice of Removal) under *California Civil Code* § 2924*l*.

      Although not explicitly argued, based on the cases Wells Fargo cites for this proposition, it seems Wells Fargo contends that the filing of such a declaration transformed LoanStar into a nominal party.  *See* Notice of Removal at 4 n.6.  Indeed, some district courts have recognized that defendants who file a declaration of nonmonetary status to which plaintiffs do not object are merely nominal parties whose citizenship does not count for diversity jurisdiction purposes. *Rivera v. Aurora Loan Servs. LLC*, No. 09-2686, 2010 U.S. Dist. LEXIS 40633, at *2 (S.D. Cal. Apr. 26, 2010); *Delgado v. Bank of Am. Corp.*, No. 1:09cv01638 AWI DLB, 2009 U.S. Dist. LEXIS 114220, at *11-13 (E.D. Cal. Nov. 23,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

2009).  The Ninth Circuit has not spoken on the issue.

If Wells Fargo believes that LoanStar was transformed into a nominal defendant (and therefore not one that should be considered for purposes of diversity jurisdiction analysis) by virtue of its filing of a declaration of non-monetary status, its status in that regard was not complete by the time of the removal in this case.  A declaration of non-monetary status only takes effect if no objection has been filed within 15 days of its filing.  *See* Cal. Civ. Code § 2924*l*.  Here, Wells Fargo removed the matter before the 15-day time period had expired.  Loanstar filed its declaration on July 21, 2011,[1] and Wells Fargo filed its notice of removal only seven days later, on July 28, 2011.  *See* Declaration of Nonmonetary Status (Exhibit B to Notice of Removal); Notice of Removal.  Thus, *at the time of removal*, LoanStar had not yet become a nominal party by virtue of its declaration of non-monetary status.  Courts are to assess removal jurisdiction as of the time of removal.  *See Strotek Corp. v. Air Transport Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002) ("[F]ederal removal jurisdiction on the basis of diversity…is determined (and must exist) as of the time the complaint is filed and removal is effected.")  As such, LoanStar's non-monetary status *now* would not preclude remand based upon the lack of subject matter jurisdiction at the time of removal.  *See Silva v. Wells Fargo Bank NA*, No. CV 11-3200 GAF (JCGx), 2011 U.S. Dist. LEXIS 64636, *8-12 (C.D. Cal. June 16, 2011); *Sherman v. Wells Fargo Bank, N.A.*, *et al.*, CV 11-0054, 2011 U.S. Dist. LEXIS 51641, *4 n.2 (E.D. Cal. May 12, 2011); *Wise v. Suntrust Mortgage, Inc.*, No. 11-cv-01360-LHK, 2011 U.S. Dist. LEXIS 44430, *11-12 (N.D. Cal. Apr. 18, 2011).

Wells Fargo attempts to avoid the application of *Silva, Sherman and Wise* to this case by way of citation to authority that is not on point or inconclusive at best.  In *Cabriales v. Aurora Loan Servs.*, No. C 10-161 MEJ,  2010 U.S. Dist. LEXIS 24726 (N.D. Cal. Mar. 2, 2010), removal was made after the 15-day time period for objecting to nonmonetary status had already expired, and the plaintiffs sought remand not because of the citizenship of the parties, but rather for procedural defects and because of the amount in controversy.  In *Amaro v. Option One Mortgage Corp.*, No. EDCV 08-1498-VAP (AJWx), 2009 U.S. Dist. LEXIS 2855, *3 (C.D. Cal. Jan. 14, 2009), the Court had *federal question* jurisdiction, and the only relevant discussion concerned the foreclosure trustee's lack of joinder in the removal.  In *Navarro Savings Association v. Lee*, 446 U.S. 458 (1980), the Supreme Court indicated that the relevant "citizens" for diversity purposes were those who were "real and substantial parties to the controversy," meaning that "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."  *Id.* at 460-61.  In order to reach the conclusion that *Navarro* dictates the resolution of the instant question, however, the Court would have to be convinced that LoanStar stands in the same position as the "beneficial shareholders" of the business trust involved in that case.

So, considering that LoanStar did not have nonmonetary status when removal occurred, Wells Fargo must show that an alternative justification existed for ignoring LoanStar's citizenship at that time.  A court should "ignore the citizenship of nominal or formal parties who have no interest in the action and are merely joined to perform the ministerial act of conveying the title if adjudged to the

---

[1] The Notice of Removal incorrectly identifies this date as July 27, 2011.  *See* Notice of Removal ¶ B.ii.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

complainant." *Prudential Real Estate Affiliates v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000). In fact, the trustee on a deed of trust is often a nominal party. *See Reynoso v. Paul Fin., LLC*, No. 09-3225, 2009 U.S. Dist. LEXIS 106555, at *1 (N.D. Cal. Nov. 16, 2009); *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1050, 1052 (N.D. Cal. 2009). However, when claims against trustees for monetary damages have been alleged on the face of the complaint, the trustees are often found to *not* be nominal. *See Silva*, 2011 U.S. Dist. LEXIS 64636 at *13; *Couture v. Wells Fargo Bank, N.A.*, No. 11-CV-1096-IEG (CAB), 2011 U.S. Dist. LEXIS 88821 at *7-8, (S.D. Cal. Aug. 9, 2011). Plaintiffs' Complaint, on its face, asserts claims against all defendants, including LoanStar, for monetary damages. At the same time, though, where trustees' involvement as alleged in the complaint has been limited, courts have occasionally found them to be fraudulently joined and therefore irrelevant for purposes of determining diversity. *See Sherman*, 2011 U.S. Dist. LEXIS 51641, at *7. Fraudulent joinder, however, is an exacting standard for a removing defendant to satisfy. *See, e.g., Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002).

In addition, Wells Fargo has not properly pled Plaintiffs' citizenship(s). *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."). Wells Fargo claims that "Plaintiff alleges that she was domiciled in California at the time of filing." *See* Notice of Removal ¶ 3(A). This, however, is incorrect. Plaintiffs allege only that they "resided"in California, but are silent as to whether or not they are actually domiciled here. *See* State Complaint (Exhibit A to Notice of Removal) ¶ 1.

Given the above issues, the Court will require Wells Fargo to respond to this OSC in writing by October 3, 2011, at 12:00 p.m., setting forth why diversity jurisdiction is proper here, either with a declaration establishing the citizenship of LoanStar's members (the easier road) or with a legal brief arguing nominal party status or fraudulent joinder (the much more difficult road). *See Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002) ("The party asserting federal jurisdiction has the burden of establishing it."). Wells Fargo should also properly allege or demonstrate Plaintiffs' citizenship. If Plaintiffs are not willing to stipulate to California citizenship, however, it may be appropriate to allow Wells Fargo some targeted discovery to establish that issue. Wells Fargo's failure to respond by that date will result in the Court remanding this matter to state court. Plaintiffs may respond in writing, if they wish, by October 10, 2011, at 12:00 p.m, including by indicating their actual state citizenship(s). The parties are to appear at 8:30 a.m. on Monday, October 17, 2011, to discuss this issue and, if necessary, to set a new date for the presently-pending motion. The Scheduling Conference set for September 26, 2011 is taken off-calendar.

The Court further orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

Deputy Clerk __JG__