**REMAND/MADE JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | |
|---|---|---|
| Case No. | CV 11-6255-GW(JEMx) | Date   October 17, 2011 |
| Title | *Tirso Sanchez, et al., v. Wells Fargo Bank, NA, et al.* | |

---

Present: The Honorable   **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | Laura Elias | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:

None Present                              Avi N. Phillips

**PROCEEDINGS:   ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**

The Tentative circulated and attached hereto, is adopted as the Court's final ruling. The above-entitled action is remanded to the Superior Court of California for the County of Los Angeles, for lack of subject matter jurisdiction at the time of removal.

:   04

Initials of Preparer   JG

<u>*Sanchez, et al. v. Wells Fargo Bank, N.A., et al.*</u>, Case No. CV-11-6255
Ruling on OSC re Subject Matter Jurisdiction

Defendant Wells Fargo Bank, N.A. ("Wells") has responded to the Court's September 22, 2011 Order to Show Cause re Subject Matter Jurisdiction. *See* Docket No. 15. First, it has cured the defect in the citizenship allegations concerning plaintiffs Tirso and Bertilda Sanchez ("Plaintiffs") by way of its submission of a stipulation that Plaintiffs were and are California citizens. *See id.*, Exh. A. However, whether it has satisfactorily demonstrated that First American LoanStar Trustee Services LLC ("LoanStar") – which it now admits is non-diverse, if its citizenship is to be considered herein – is a nominal party likely depends upon the Court's interpretation of the scope of the Ninth Circuit's decision in *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000).[1]

The *Prudential* decision would remain central to this Court's determination on this issue because Wells has not convincingly demonstrated that LoanStar's mere filing of a declaration of non-monetary status automatically renders it a nominal party. Were that the case, it would be hard to understand what purpose the 15-day objection period found in California Civil Code § 2924*l* would serve (at least in this context).[2] Because the 15-day objection period had not expired by the time Wells removed this case, LoanStar was not rendered a nominal party merely by virtue of it having filed its declaration of non-monetary status. *See Strotek Corp. v. Air Transport Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002) ("[F]ederal removal jurisdiction on the basis of diversity…is determined (and must exist) as of the time the complaint is filed and removal is effected."); *Silva v. Wells Fargo Bank NA*, No. CV 11-3200 GAF (JCGx),

---

[1] Wells does not even attempt to meaningfully compare LoanStar with the nominal parties at issue in *Navarro Savings Association v. Lee*, 446 U.S. 458 (1980). It also explicitly foregoes any attempt to argue fraudulent joinder. *See* Docket No. 15 at 6:11-12.

[2] Similarly, it is difficult to understand Wells's contention that "it seems contrary to the intent of the statute to allow a plaintiff who has not yet objected to continue to hold the trustee as more than a nominal defendant." *See* Docket No. 15 at 5:7-9. One would think that the 15-day period explicitly contemplates that a foreclosure trustee may not rest easy until its expiration (and even then is subject to being substantively re-inserted into the action).

1

2011 U.S. Dist. LEXIS 64636, *8-12 (C.D. Cal. June 16, 2011); *Sherman v. Wells Fargo Bank, N.A., et al.*, CV 11-0054, 2011 U.S. Dist. LEXIS 51641, *4 n.2 (E.D. Cal. May 12, 2011); *Wise v. Suntrust Mortgage, Inc.*, No. 11-cv-01360-LHK, 2011 U.S. Dist. LEXIS 44430, *11-12 (N.D. Cal. Apr. 18, 2011). Wells's argument that such an approach is "inapposite to the statutory language and intent," *see* Docket No. 15 at 4:16-17, makes little sense, insofar as the California Civil Code does not concern itself with a foreclosure trustee's citizenship or federal subject matter jurisdiction.

In response to the Court's Order to Show Cause, Wells points to three cases – *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F.Supp.2d 1050, 1052 (N.D. Cal. 2009), *aff'd*, 409 Fed. Appx. 70 (9th Cir. Oct. 22, 2010), *Figueiredo v. Aurora Loan*, No. C 09-4784 PJH, 2009 U.S. Dist. LEXIS 119814 (N.D. Cal. Dec. 22, 2009) and *Lawrence v. Aurora Loan Services LLC*, No. 1:09cv01598 LJO DLB, 2010 U.S. Dist. LEXIS 143564 (E.D. Cal. Feb. 8, 2010) – which it asserts ignored the non-expiration of the 15-day objection period. *Hafiz* involved a motion to remand for a procedural defect, not a subject matter jurisdiction question. *See Hafiz*, 652 F.Supp.2d at 1051-52. There, the district court simply concluded that the trustee was not required to join in the removal, as a matter of compliance with the procedural "unanimity" requirement. *See id.* at 1052. Moreover, there is no indication from that decision that the issue of citizenship <u>at the time of removal</u> was in any way considered in the way that it was in *Silva*, *Sherman* and *Wise*. That latter observation applies equally to *Figueiredo*, 2009 U.S. Dist. LEXIS 119814, at *2-3 (where, though an objection to non-monetary status was filed, it was untimely) and *Lawrence*, 2010 U.S. Dist. LEXIS 143564, at 11-13.

As a result, Wells is left with *Prudential*. Although several courts have assumed that the *Prudential* decision is applicable to foreclosure trustees without analyzing the potential distinctions in the situations involved, *see, e.g., Rivera v. Aurora Loan Servs. LLC*, No. 09cv2686 BTM (RBB), 2010 U.S. Dist. LEXIS 40633, *6 (S.D. Cal. Apr. 26, 2010), it is, in truth, not entirely clear that *Prudential* governs the question here. First, the question in that case was about the proper *alignment* of parties for purposes of examining diversity of citizenship. *See Prudential*, 204 F.3d at 872-73. There is no issue of improper alignment here.

Second, the "nominal" parties in *Prudential* were analogized to constructive

2

trustees because they *already* held the stock that was at the center of the dispute in the case and had "no stake in the outcome except to be released of their charge." *Id.* at 870-71, 873; *see also id.* at 873 ("We will ignore the citizenship of 'nominal or formal parties who have no interest in the action,' and are 'merely joined to perform the ministerial act of conveying the title if adjudged to the complainant.'").[3] Foreclosure trustees are seemingly not in quite the same situation, though the difference is perhaps slight. A foreclosure trustee does not hold the property, waiting for a decision whether to award it to the current (or, as is the case here, former[4]) owner or to the foreclosing party – it merely processes the foreclosure (with title, in the end, changing hands) or, if the homeowner successfully prevents the foreclosure, it does not (in which case title does not change hands). Homeowner plaintiffs in this situation generally argue that the foreclosure trustee has no business being involved in the first place because of some earlier impropriety. In other words, if the plaintiff in *Prudential* had sued the stakeholders not merely to allow their transmittal to the prevailing party on the substantive question at issue but to argue that their involvement was wrongful in the first place, *Prudential* would almost certainly control this case.[5]

The Ninth Circuit has not provided any guidance on the subject matter jurisdiction-related questions raised by California's non-monetary status procedure. For the reasons set forth above, the mere filing of such a declaration does not render a foreclosure trustee a "nominal" party where the 15-day objection period has not yet expired at the time of removal and *Prudential* is, at best, of uncertain application to this situation. Especially in light of the over-arching rule that doubts about the right of

---

[3] In other words, they were not unlike a stakeholder in an interpleader case, whose citizenship is always ignored when *statutory* interpleader diversity is at issue (suggesting an interpleader-based rationale for the court's conclusion that their citizenship should be ignored for alignment purposes). *See State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967). *Rule* interpleader, on the other hand, asks whether the plaintiff stakeholder and all of the claimants are diverse, effectively reinforcing the standard rule of complete diversity. *See* Schwarzer, Tashima, et al., California Practice Guide: Federal Civil Procedure Before Trial (2008), § 10:107, at 10-28. If the rule-interpleader analogy were followed, it would suggest that such stakeholders ought never to be considered "nominal" parties.

[4] In fact, in cases where the foreclosure has already occurred, the foreclosure trustee *no longer* has any connection to the property, equally – if not more – distinctive from the situation involved in *Prudential*.

[5] Perhaps it is this distinction that explains removing defendants' and foreclosure trustees' failure to cite the *Prudential* decision in most cases addressing this issue.

3

removal or the existence of subject matter jurisdiction are resolved in favor of remand/dismissal, *see, e.g., Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941), and *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992), the proper conclusion here is inevitable – the Court should remand the action for lack of subject matter jurisdiction at the time of removal.[6]

---

[6] Notwithstanding Plaintiffs' pursuit of monetary damages against all defendants, including LoanStar, and their use of the terms "defendants" and "defendant" throughout their allegations, it is clear that their allegations against LoanStar are meager at best. Nevertheless, as noted above, Wells does not even attempt to – in fact, explicitly foregoes – any attempt to argue fraudulent joinder.

4